UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DON S. HARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:17CV479-PPS |
| vs. ) | |
| ) | |
| ELKHART COUNTY PUBLIC ) | |
| DEFENDER, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Plaintiff, Don S. Harley, a *pro se* prisoner, filed a complaint against his court-appointed public defender. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harley alleges that his State court criminal defense attorney was ineffective for allowing him to be convicted in 2011. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A criminal defense attorney, even an appointed public defender, does

1

not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore Harley has not stated a claim under § 1983.

In addition, it is too late for Harley to assert these claims. He filed his complaint in June 2017, approximately six years after his claims arose. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies to his Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, Harley's claims are clearly untimely.

Though it is usually necessary "to give *pro se* litigants one opportunity to amend . . . that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. No amendment could overcome the fact that Harley's court appointed attorney is not a state actor. Nor could any amendment overcome the fact that Harley brought his claims nearly four years after the statute of limitations expired.

ACCORDINGLY:

For these reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

ENTERED: July 6, 2017

      /s/ Philip P. Simon
Judge
United States District Court